[Cite as *State v. Woodhouse*, 2015-Ohio-3806.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio
           Appellee

v.

Shaquale R. Woodhouse
           Appellant

Court of Appeals No. S-14-021

Trial Court No. 2003CR000200

**DECISION AND JUDGMENT**

Decided: September 18, 2015

* * * * *

Thomas L. Stierwalt, Sandusky County Prosecuting Attorney,
and Norman P. Solze, Assistant Prosecuting Attorney, for appellee.

Shaquale R. Woodhouse, pro se.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an accelerated appeal brought by appellant, Shaquale R. Woodhouse, pro se, from the judgment of the Sandusky County Court of Common Pleas which denied his motion for resentencing.

{¶ 2} Appellant appears to set forth two assignments of error that argue the trial court erred when, at the time of sentencing, it imposed court costs without advising him according to then-existing R.C. 2947.23(A)(1)(a) that he could perform community service should he fail to pay the costs.

{¶ 3} Since both arguments that appellant presents involve the application of R.C. 2947.23(A)(1)(a) to his case, we shall address them simultaneously.

{¶ 4} Appellant argues that the trial court imposed court costs without informing him of the community-service requirement in lieu of paying court costs. Appellant was sentenced in August of 2003, prior to the effective date of the current version of R.C. 2947.23(A)(1), which was amended by 2012 H.B. 247. Under the former version of R.C. 2947.23(A)(1) in effect when appellant was sentenced, if a trial court failed to notify a defendant of the possibility of court-ordered community service in lieu of paying costs, this court has held that, under such circumstances, the appropriate remedy for such failure is to reverse the trial court's sentence solely as it relates to the imposition of court costs, and to remand the cause for the limited purpose of allowing the trial court to give proper notification pursuant to R.C. 2947.23(A) with a concomitant opportunity for the defendant to object. *State v. Griffin,* 6th Dist. Lucas No. L-11-1283, 2013-Ohio-411, ¶ 51.

{¶ 5} Because appellant was sentenced to life without the possibility of parole, he will not be eligible to perform community service. Therefore, we cannot find that the

2.

trial court erred in failing to notify him of community service in lieu of paying court costs under former R.C. 2947.23(A)(1). *See State v. Howard*, 1st Dist. Hamilton No. C-130058, 2014-Ohio-655.

{¶ 6} We, therefore, find appellant's assignments of error not well-taken, and affirm the judgment of the trial court.

{¶ 7} The judgment of the Sandusky County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.          _____
                                                       JUDGE

Stephen A. Yarbrough, P.J.

James D. Jensen, J.              _____
CONCUR.                                                        JUDGE

_____
                                                       JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.

3.